KINDRA DENEAU (State Bar No. 024156)
7135 East Camelback Rd., Suite 230
Scottsdale, Arizona 85251
Telephone: (480) 306-5977
Facsimile: (602) 626-3504
kdeneau@lemberglaw.com

*Of Counsel to*
Lemberg & Associates LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiffs,
Paul and Theresa Mattera, and Julie Mattera

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Paul and Theresa Mattera, husband and wife; Julie Mattera, | Case No.: |
|---|---|
| Plaintiffs, | |
| vs. | **COMPLAINT** |
| Law Office of Joe Pezzuto, LLC; Cach, LLC; and DOES 1-10, inclusive, | |
| Defendants. | |

For this Complaint, the Plaintiffs, Paul and Theresa, husband and wife, and Julie Mattera, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), Defendants' invasions of Plaintiffs' personal privacy, defamation of Plaintiff Paul Mattera's reputation, and emotional distress the Defendants have caused Plaintiffs in their illegal efforts to collect a consumer debt, and Defendant Cach, LLC's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA") and Arizona Fair Credit Reporting Laws, A.R.S. § 44-1691, *et seq*.

2. Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3. Any claims under state law brought by the Plaintiffs are proper under the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

4. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

6. The Plaintiffs, Paul Mattera, Theresa Mattera & Julie Mattera (hereafter "Plaintiffs"), are adult individuals residing in Gilbert, Arizona, and are each "consumers" as the term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiffs Paul Mattera and Theresa Mattera ("Paul and Theresa"), husband and wife are the parents of Plaintiff Julie Mattera.

8. The Defendant, Law Office of Joe Pezzuto, LLC (hereafter "Pezzuto"), is a law firm with an address of 4013 E Broadway Rd # A2, Phoenix, Arizona 85040-8818, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

9. The Defendant, Cach, LLC (hereafter "Cach"), is a business entity with an address of 4340 South Monaco, Second Floor, Denver, Colorado 80237, operating as a collection agency, and a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6), and is a "furnisher" of consumer information to consumer reporting agencies.

10. Pezzuto and Cach are referred to collectively herein as "Defendants."

11. Does 1-10 are individual collectors or furnishers of credit information who may be joined as parties once their participation in the FDCPA and/or FCRA violations enumerated herein are revealed through disclosure and discovery.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

12. The Plaintiff Julie Mattera allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

13. The alleged Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

14. The alleged Debt was purchased, assigned or transferred to Defendants for collection, or Defendants were employed to collect the Debt.

15. The Defendants attempted to collect the alleged Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Pezzuto Engages in Harassment and Abusive Tactics

16. Within the last year, Pezzuto placed calls to Plaintiffs and answered return calls from Plaintiffs in an attempt to collect the Debt.

17. During the phone calls, Pezzuto representatives were rude and abusive, stating comments such as "you have got to pay your fu**ing bill," "your husband already said you owe the da** bill," "stop running away from your debt," and calling Plaintiffs "deadbeats."

18. Paul and Theresa asked Pezzuto representatives not to call during work hours and Pezzuto continued to call them during work hours in disregard of their request, and would instead insist that they make an immediate payment or provide their credit card information over the phone if they wanted the calls to stop.

19. Plaintiffs repeatedly asked Pezzuto to provide them with additional information about the Debt. Pezzuto refused to provide the name of the Creditor and validation of the Debt despite Plaintiffs' repeated requests that it do so.

20. Eventually, Pezzuto sent Paul and Theresa a cover letter which referred to enclosures supposedly containing the requested information about the Debt. However, there were no documents enclosed in Pezzuto's cover letter to Paul and Theresa.

21. On behalf of its client, Cach, Pezzuto has taken legal action against Paul Mattera in San Marcos Justice Court, CC2009-509864 and in the Maricopa County Superior Court, TJ2010-004149 in the State of Arizona.

22. Pezzuto sought and obtained a Default Judgment against Plaintiff Paul Mattera and garnished Paul Mattera's wages in an attempt to collect the Debt for its client Cach.

23. Paul and Theresa eventually discovered the identity of the Creditor after Pezzuto began garnishing Paul Mattera's wages with the Chandler Unified School District No. 80.

24. After contacting the Creditor, Paul and Theresa were informed that the Debt belongs to their daughter, Julie Mattera. Paul and Theresa are not cosigners for the Debt and are not legally responsible for payment of the Debt.

25. Paul and Theresa sent Pezzuto written documentation showing the written contract and documentation from the Creditor demonstrating that the Debt is unrelated to them.

3

26. Subsequent to receiving this documentation, Defendants withdrew the garnishment action.

27. However, the judgment remains in effect against Paul Mattera in both state court actions on public record.

28. Plaintiff Julie Matter never authorized Pezzuto to contact or to disclose information about the Debt to her parents or any other third parties.

**C.    Cach Engages in Harassment and Abusive Tactics**

29. Cach hired Pezzuto and instructed Pezzuto to pursue collection and judgment on its behalf against all three Plaintiffs even though Cach knew or should have known that the Debt was unrelated to Paul and Theresa.

30. Cach hired Pezzuto and instructed Pezzuto to pursue wage garnishment on its behalf against Plaintiff Paul Mattera even though Cach knew or should have known that the Debt was unrelated to Paul Mattera.

31. Despite Plaintiffs putting Cach's counsel Pezzuto on notice that the Debt is unrelated to Paul and Theresa, Cach as recently as November, 2011, reported the Debt on Paul Mattera's credit report as a delinquent account in collections.

32. Cach has failed to request that the credit bureaus delete the Debt from Paul Mattera's credit.

33. Despite Plaintiffs putting Cach's counsel Pezzuto on notice that the Debt is unrelated to Paul and Theresa, Cach still has a judgment on file against Paul Mattera with the San Marcos Justice Court, CC2009-509864 and the Maricopa County Superior Court, TJ2010-004149.

34. Cach has failed to request to vacate the judgment as against Paul Mattera.

35. Plaintiff Julie Matter never authorized Cach to contact or to disclose information about the Debt to her parents or any other third parties.

4

**D.    Plaintiffs Suffered Actual Damages**

36.    The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

37.    As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

38.    The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692, *et seq*.

39.    The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

40.    The Defendants contacted third parties and failed to confirm or correct location information, in violation of 15 U.S.C. § 1692b(1).

41.    The Defendants informed third parties of the nature of Plaintiff Julie Mattera's Debt and stated that the Plaintiffs owed a debt, in violation of 15 U.S.C. § 1692b(2).

42.    The Defendants contacted third parties in regards to the Plaintiff Julie Mattera's Debt on numerous occasions, without being asked to do so, in violation of 15 U.S.C. § 1692b(3).

43.    The Defendants contacted the Plaintiffs during a time known to be inconvenient for the Plaintiffs, in violation of 15 U.S.C. § 1692c(a)(1).

44.    The Defendants communicated with individuals other than the Plaintiff Julie Mattera, the Plaintiff Julie Mattera's attorney, or a credit bureau, in violation of in violation of 15 U.S.C. § 1692c(b).

45. The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

46. The Defendants used profane and abusive language when speaking with the consumer, in violation of 15 U.S.C. § 1692d(2).

47. The Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass, in violation of 15 U.S.C. § 1692d(5).

48. The Defendants misrepresented the character, amount and legal status of the Debt, in violation of 15 U.S.C. § 1692e(2).

49. The Defendants threatened to take and did in fact take action that was illegally taken against Paul and Theresa, in violation of 15 U.S.C. § 1692e(5).

50. The Defendant Cach communicated false credit information on Paul Mattera's credit report, in violation of 15 U.S.C. § 1692e(8).

51. The Defendants employed false and deceptive means to collect a debt, in violation of 15 U.S.C. § 1692e(10).

52. The Defendants attempted to collect an amount not authorized by the agreement creating the debt, in violation of 15 U.S.C. § 1692f(1).

53. The Defendants failed to send the Plaintiffs a validation notice stating the amount of the Debt, in violation of 15 U.S.C. § 1692g(a)(1).

54. The Defendants failed to send the Plaintiffs a validation notice stating the name of the original creditor to whom the Debt was owed, in violation of 15 U.S.C. § 1692g(a)(2).

55. The Defendants failed to send the Plaintiffs a validation notice stating the Plaintiffs' right to dispute the Debt within thirty days, in violation of 15 U.S.C. § 1692g(a)(3).

56. The Defendants failed to send the Plaintiffs a validation notice informing the Plaintiffs of a right to have verification and judgment mailed to the Plaintiffs, in violation of 15 U.S.C. § 1692g(a)(4).

57. The Defendants failed to send the Plaintiffs a validation notice containing the name and address of the original creditor, in violation of 15 U.S.C. § 1692g(a)(5).

58. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

59. The Plaintiffs are entitled to damages as a result of the Defendants' violations.

## COUNT II
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, *et seq.*
### (Plaintiff Paul Mattera Against Cach)

60. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

61. In the entire course of its actions, Cach willfully and/or negligently violated multiple provisions of the FCRA in one or more of the following respects:

62. Cach violated 15 U.S.C. § 1681s-2 by willfully and/or negligently failing to fulfill its duties under the FCRA by failing to fully and properly investigate Plaintiff's dispute on the Debt; by failing to review all relevant information regarding same; by failing to accurately respond to credit bureaus; by failing to correctly report results of an accurate investigation to every credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent re-reporting of Cach's representations to the consumer reporting agencies.

63. As a result of this conduct, action and inaction of Cach, the Plaintiff Paul Mattera suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

64. Cach's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

65. The Plaintiff is entitled to recover costs and attorney's fees from Cach in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### COUNT III
### A.R.S. § 44-1691, *et seq.*
### (Plaintiff Paul Mattera Against Cach)

66. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

67. Cach refused and/or failed to correct the inaccurate reporting on Plaintiff Paul Mattera's credit report after being given an opportunity to correct it in violation of Arizona law.

68. Cach acted "willfully and maliciously with intent to harm" Plaintiff and, therefore is liable to Plaintiff for "actual damages, if any, punitive damages and attorney fees and court costs."

### COUNT IV
### DEFAMATION
### (Plaintiff Paul Mattera Against Defendants)

69. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

70. Cach published false information about Plaintiff Paul Mattera by reporting to one or more of the CRAs the Debt on his credit report.

71. Each time the Plaintiff's credit report was accessed, a new publication occurred, which was the result intended by Cach.

72. Defendants together published false information in state court proceedings and had a judgment illegally entered in Plaintiff Paul Mattera's name in relation to the Debt.

73. The ongoing publication and defamations were and are being done maliciously, without privilege, and with gross negligence and/or willful intent to injure the Plaintiff under A.R.S. § 44-1695(C).

74. As a direct and proximate consequence of Defendants' acts of defamation, the Plaintiff has been injured in that the Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## COUNT V
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

75. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

76. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

77. Arizona further recognizes the Plaintiffs' right to be free from invasions of privacy, thus Defendant violated Arizona state law.

78. The Defendant intentionally intruded upon Plaintiffs' right to privacy by disclosing Plaintiff Julie Mattera's private information to third parties and continually harassing the Plaintiffs Paul and Theresa about a Debt that is unrelated to them.

79. The telephone calls made by Defendants to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the Plaintiffs," and, "a substantial burden to their existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

80. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

81. As a result of the intrusions and invasions, the Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendants.

82. All acts of Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendants are subject to punitive damages.

## COUNT VI
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

83. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

84. The acts, practices and conduct engaged in by the Defendants vis-à-vis the Plaintiffs was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

85. The foregoing conduct constitutes the tort of intentional infliction of emotional distress under the laws of the State of Arizona.

86. As a result of the Defendants' intentional infliction of emotional distress, the Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendants.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs pray that judgment be entered against the Defendants:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 per Plaintiff pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Statutory damages pursuant to 15 U.S.C. § 1681, *et seq.* against Cach;

E. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1681, *et seq.* against Cach;

F. Actual damages from the Defendants for the all damages including defamation and emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA and FCRA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;

G. Actual damages, attorney's fees, and costs pursuant to A.R.S. § 44-1695 against Cach;

H. For Plaintiffs' statutory costs in relation to Arizona claim(s) pursuant to A.R.S. § 12-341;

I. Punitive damages; and

J. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED: January 26, 2012  **LEMBERG & ASSOCIATES, LLC**

By: */s/ Kindra Deneau*
Kindra Deneau

Attorney for Plaintiffs
Paul and Theresa Mattera, and
Julie Mattera